UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PAUL denDULK,

      Plaintiff,

vs.                                                                          Case No. 1:16-cv-00373

METROPOLITAN LIFE INSURANCE COMPANY,              Hon. Robert J. Jonker

      Defendant.

| | |
|---|---|
| TROY W. HANEY (P48614) | DAVID M. DAVIS (P24006) |
| Attorney for Plaintiff | Attorney for Defendant |
| Haney Law Offices, P.C. | Hardy, Lewis & Page, P.C. |
| 330 East Fulton Street | 401 South Old Woodward, #450 |
| Grand Rapids, MI 49503 | Birmingham, MI 48009 |
| (616)235-2300 | (248)203-0230 |

**PLAINTIFF'S MOTION TO REOPEN CASE,
ESTABLISH A BRIEFING SCHEDULE AND A DATE FOR
ORAL ARGUMENT**

Pursuant to W.D. Mich. LCivR7, plaintiff, Paul denDulk, by his counsel of record, Troy W.

Haney, hereby moves the Court, as above captioned, and states that:

1.     This is an action under the Employment Retirement Income Security Act ("ERISA")

seeking long term disability ("LTD") benefits under the defendant plan as funded and

administered by a group insurance policy issued by defendant, Metrolitan Life

Insurance Company ("MetLife"), to plaintiff's employer, Siemens Corporation.

2.    As demonstrated in plaintiff's Complaint filed April 12, 2016 (Doc #1), plaintiff became disabled and entitled to benefits under the terms of the defendant plan and funding policy and applied for benefits which were denied by MetLife, the plaintiff filed an appeal, without the benefit of an attorney, retained the undersigned services who submitted a "new document submission" on behalf of the plaintiff, which was subsequently denied by MetLife, resulting in the initial of this litigation.

3.    The parties reached a settlement and MetLife agreed to continue payment of long term disability benefits through April 1, 2015, the end of the own occupation period and further agreed to evaluate the plaintiff's claim for LTD benefits under the plan's "any occupation" provision.

4.    On August 29, 2016, this Court entered an Order [Doc #13) of dismissal under Rule 41(a)(2), with the condition that nothing in the dismissal operate as a bar on either party's ability to reopen the case for adjudication of any future disputes they may have without incurring a new filing fee.

5.    On September 2, 2016, the parties, through counsel, agreed that the plaintiff would complete a supplemental record submission to MetLife for its ongoing review pursuant to the "any occupation" definition of disability.  It was decided between counsel that this transmission would be forwarded to defense counsel within 45 days who would then, in turn, submit the documents to MetLife.

6.    On October 17, 2016, plaintiff's counsel received a benefit check from MetLife representing payment of the back due benefits in the amount of $3.478.18 for the remainder of the "own occupation" provision of the policy at issue.

7.      On October 25, 2016, plaintiff's counsel provided defense counsel with a multitude of medical records, followed by an additional submission on November 17, 2016, with a request that the documents be forwarded to MetLife for review.

8.      On May 8, 2017, correspondence from Dr. Charles Schulz of the University of Michigan, was provided to defense counsel stating in part, "*due to the severity of the patient's illness, I feel that the patient is now completely disabled from all functional employment.  I feel that this disability is permanent and that the illness is likely to continue to cause complete disability.  His findings were confirmed on physical examination and EEG findings of generalized brain dysfunction.*"

9.      As of the date of this filing, nearly eight months have passed since plaintiff's October 25, 2016, document submission to MetLife - through its counsel - and no decision has been with regard to whether the plaintiff meets the plan's definition of disability under the "any occupation" provision of the policy.

10.     On no less than four separate occasions, plaintiff has contacted counsel for MetLife imploring MetLife to make a decision on this claim.  Plaintiff's counsel has been informed, by defense counsel, that all information and requests for a decision have been promptly forwarded to MetLife.

11.     At this point, plaintiff believes it is appropriate to view MetLife's neglect and failure to provide a timely determination be considered a "deemed denial" under appropriate ERISA authority including the Department of Labor Regulations that govern the administration of ERISA long term disability claims.

12.    As a "deemed denied" claim, plaintiff is entitled to the *de novo* standard of review.

WHEREFORE, plaintiff respectfully requests that this matter be reopened and placed on the Court's docket for a Rule 16 Scheduling Conference and/or further relief as this Honorable Court may deem appropriate.

Respectfully submitted,

Dated: June 29, 2017

*/s/ Troy W. Haney*
Troy W. Haney (P48614)
Attorney for Plaintiff
Haney Law Offices, P.C.
330 East Fulton Street
Grand Rapids, MI 49503